IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11338
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TRAVIS DEAN CRAWFORD,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-129-ALL-H
--------------------

September 27, 1999

Before KING, Chief Judge, and HIGGINBOTHAM, and STEWART, Circuit
Judges.

PER CURIAM:[*]

    Travis Dean Crawford appeals his sentence of 72 months'
imprisonment after pleading guilty to possession of a fraudulent
U.S. identification document.  The motion to file a supplemental
brief raising additional issues and to file a reply brief out of
time is DENIED.

    Crawford argues that the district court erred because the
upward departure was implemented by an increase in the offense

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

level rather than by an increase in the criminal history category

as required by U.S.S.G. § 4A1.3, p.s.  Crawford's argument does not take into consideration the additional grounds stated by the court as part of the basis for the upward departure.  The district court also cited § 4B1.3 and § 5H1.9, both of which deal with the defendant's dependence on his criminal activity as a livelihood, as bases for the upward departure.  Crawford cites to no authority holding that it is an abuse of the district court's discretion to implement the departure by increasing the offense level when the district court bases its departure decision on mixed reasons including but not limited to § 4A1.3.  The district court did not abuse its discretion in its choice of the method of upward departure.  United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994)(en banc).

Crawford argues that the upward departure to a level 22 was improper because the district court failed to offer sufficient explanation to justify the extent of the departure and because the extent of the departure was unreasonable.  The district court's reasons for the departure are also a sufficient statement of the reasons for the extent of the departure.  Based on the particular facts of Crawford's pattern of criminal conduct, it was not unreasonable, and not an abuse of discretion, for the district court to determine that the guideline range of 10-16 months was not sufficient and to depart upward to 72 months, which is still far less than the statutory maximum of 15 years. United States v. Moore, 997 F.2d 30, 37 (5th Cir. 1993).

AFFIRMED.